UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BOBBY CURTSINGER, ) | |
| TABITHA CURTSINGER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 4:13-cv-00201-RLY-WGH |
| vs. ) | |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Bobby and Tabitha Curtsinger, brought this action against Defendant, State Farm Mutual Automobile Insurance Company, to recover insurance benefits under a policy issued to Jesse and Debra King. Bobby Curtsinger sustained injuries in an automobile accident while operating a vehicle owned and insured by the Kings. State Farm moves for summary judgment on Count II of Plaintiffs' Complaint. Count II alleges State Farm failed to honor the Policy's Medical Payments Coverage provisions. For reasons set forth below, State Farm's motion is **DENIED**.

**I.     Background**

In November 2011, Mr. Curtsinger installed siding for Jesse King, a contractor, at one of Mr. King's residential job sites. After completing the job, Mr. Curtsinger drove King's truck to return unused siding. Another vehicle, deemed at fault, struck the vehicle driven by Mr. Curtsinger, injuring him. The particular facts of the work Mr. Curtsinger

1

=

performed and of the wreck are undisputed. Under Count II, Plaintiffs seek Medical Payment Coverage from Defendant, the insurer of King's vehicle. (*See generally* Filing No. 34-1, Ex. A Curtsinger Dep.; Filing No. 34-2, Ex. B King Dep.; Filing No. 42-1, Ex. A Excerpts Curtsinger Dep.; Filing No. 42-2, Ex. B Excerpts King Dep. (all hereinafter referenced by Filing No.)).

King's policy with State Farm for the vehicle involved excludes Medical Payment Coverage "if any workers' compensation law or any similar law applies to that insured's bodily injury." (Filing No. 1-2, Exhibit A, State Farm Policy Booklet 11 ("the Policy")). Mr. Curtsinger initially sought workers' compensation benefits from King, but dropped the action pursuant to an agreement. The agreement precluded Mr. Curtsinger from further pursuing workers' compensation recovery but did not release all claims arising from the wreck. (Filing No. 37, Compromise Agreement ¶ 3 (hereinafter "Compromise Agreement")).

## II.    Standard of Review

When sitting in diversity jurisdiction, under the *Erie* Doctrine, federal courts apply state substantive law but federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428, 116 S. Ct. 2211 (1996). This court applies the federal standard for summary judgment and Indiana law for the insurance benefits claim.

Summary judgment should be granted when there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). The court views the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986); *see also Carmen v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014) (restating the summary judgment standard).

**III.   Discussion**

Indiana's workers' compensation statute requires employers and employees "to pay and accept compensation for personal injury or death by accident arising out of and in the course of employment . . . ." Ind. Code § 22-3-2-2(a). An employee is "every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of trade, business, occupation, or profession of the employer." Ind. Code § 22-3-6-1(b).

State Farm argues Indiana's workers' compensation statutes apply to Mr. Curtsinger because he was an employee acting in the course of his employment for King. Thus, Defendant argues, the Policy's workers' compensation exception precludes recovery. Plaintiffs counter that several disputes of fact preclude finding Mr. Curtsinger was an employee.

The parties do not dispute whether Mr. Curtsinger was acting in the course of his employment at the time of the accident. Instead, the parties contest whether Mr. Curtsinger should be classified as an employee for the purposes of workers'

compensation. Thus, whether State Farm succeeds on summary judgment turns on whether a factual dispute exists as to Mr. Curtsinger's classification as an employee.

Plaintiffs first argue the issue is inappropriate for summary judgment because it is a question of fact. The question "can be one of mixed law and fact." *Expressway Dodge, Inc. v. McFarland*, 766 N.E.2d 26, 28 (Ind. Ct. App. 2002). "If the evidence is undisputed and reasonably susceptible to but one inference, the question is one of law." *Id*. However, conflicting evidence or evidence that supports different inferences, presents a question of fact. *Id*.

To distinguish between employees and independent contractors, under the statute, Indiana defers to the Restatement's ten-factor test. *Id*. at 30. The factors are:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

*Expressway Dodge*, 766 N.E.2d at 29 (quoting *Moberly v. Day*, 757 N.E.2d 1007, 1010 (Ind. 2001)).[1] The court must look to all factors. *Mortgage Consultants, Inc. v. Mahaney*, 655 N.E.2d 493, 496 (Ind. 1995). No factor is dispositive, and the list is not exhaustive. *Id.* However, the right to control is "important" and often "determinative." *Moberly*, 757 N.E.2d at 110 (quoting Restatement, comment (d) to subsection (1)).

Although the underlying evidentiary facts are not disputed, the evidence gives rise to different inferences. For example, as to control, King never gave Mr. Curtsinger specific instructions and did not supervise his work, but King felt he could correct Mr. Curtsinger if he did something incorrectly. (Filing No. 34-2 at 9, 13). Regarding the skill required, Mr. Curtsinger was skilled, but he was hired on the day of the accident as a basic laborer. (Filing No. 34-2 at 9; Filing No. 42-1 at 10–11). As to length of employment, in this case, King employed Mr. Curtsinger only for the day of the accident, but King sporadically had Mr. Curtsinger assist on jobs over years. (Filing No. 34-1 at 2; Filing No. 34-2 at 3). In regard to the tools supplied, Mr. Curtsinger provided his own tools for the job, but used King's truck to return the siding. (Filing No. 34-1 at 3; Filing No. 34-2 at 11–12). In considering whether the work was in the employer's regular business, Mr. Curtsinger sometimes worked for King at King's own home—outside his regular business. (Filing No. 34-2 at 3–4). However, the residential construction

---

[1] Indiana courts use the term "independent contractor" to distinguish a worker who is not an employee for the purposes of workers' compensation. *See Expressway Dodge*, 766 N.E.2d at 28–29.

5

job from which Mr. Curtsinger was driving was within King's regular business. (*Id*.). Altogether, the evidence is not reasonably susceptible to but one inference.

In its reply brief, State Farm asserts that Mr. Curtsinger's previous attempt at recovery before the Indiana Worker's Compensation Board, where he identified himself as an employee of King, precludes him from now identifying as an independent contractor. In support, State Farm relies on *Piscione v. Ernst & Young, LLP*, 171 F.3d 527, 532 (7th Cir. 1998). However, *Piscione* deals with conflicting testimony between an affidavit and a deposition in a single case.[2] *Id*. Where a party seeks to preclude the opposing party from asserting a position taken in an earlier legal proceeding, the relevant doctrine is judicial estoppel. *Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011). Judicial estoppel only applies if the party was successful in the previous legal proceeding. *Id*. A party is not precluded from a previous position in an unsuccessful proceeding because, after losing the suit, "[the party] may have learned a lesson about what the facts show and the law supports." *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d 1540, 1548 (7th Cir. 1990). Mr. Curtsinger did not recover from the Board, (Compromise Agreement ¶ 3b, 3e),[3] and he is not estopped from his argument here.

---

[2] In addition to the distinguishable facts, the proposition in *Piscione* was overruled "to the extent [it] suggest[ed] a plaintiff may not rely on 'self-serving' evidence to create a material fact dispute." *Hill v. Tangherlini*, 724 F.3d 965, n.1 (7th Cir. 2013).

[3] In support of Defendant's contention Mr. Curtsinger is barred by the agreement reached in his previous workers' compensation action, Defendant cites to Document No. 34-3, now located at Filing No. 37. However, in this agreement Mr. Curtsinger only relinquished workers' compensation claims, not all claims arising out of the accident. (Compromise Agreement ¶ 3e).

6

## IV. Conclusion

For the reasons stated above, the court **DENIES** State Farm's Motion for Summary Judgment on Count II of the Complaint (Filing No. 34).

**SO ORDERED** this 27th day of July 2015.

                                                  RICHARD L. YOUNG, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.